IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| PHILIP LIONTI, | |
| --- | --- |
| *Plaintiff*, | CIVIL ACTION |
| v. | NO. 17-01678 |
| DIPNA, INC., *et al.*, | |
| *Defendants*. | |

**PAPPERT, J.**                                                                                              June 27, 2017

## MEMORANDUM

On April 5, 2016, Philip Lionti, a resident of Brookhaven, Pennsylvania, was injured at a Days Inn in Wilmington, Delaware. (Compl. ¶¶ 7, 15, ECF No. 1, Ex. A.) Lionti alleges that while he was taking a shower in his hotel room, the bathroom ceiling collapsed on him, causing him to slip and fall. (*Id.* ¶ 15.) He contends he sustained serious and potentially permanent personal injuries as a result of the accident. (*Id.* ¶ 21.)

Lionti sued Dipna, Inc., Neil Shah, Chapman Hospitality d/b/a Ramada-Inn Newark, and Hersha Hospitality Trust for negligence in the Court of Common Pleas of Philadelphia County on December 29, 2016. (*Id.* ¶¶ 2–6.) He asserts that Hersha is a Pennsylvania Corporation that regularly conducts business in Pennsylvania. (*Id.* ¶ 5.) Though the Complaint alleges that Dipna and Chapman, both corporations, and Shah, an individual, are Delaware residents with Delaware addresses, Lionti contends they "regularly and consistently conduct[] business within the Commonwealth of Pennsylvania." (*Id.* ¶¶ 2–4.) His Complaint further alleges that the four Defendants

1

"owned and possessed" and "had under their care, responsibility, direction, supervision, control and maintenance the premises" where he was injured.  (*Id.* ¶¶ 8–10.)

On April 4, 2017, the parties stipulated to Hersha's dismissal because "it had no connection with [the other] Defendants or the premises in question."  (ECF No. 1, Ex. B; ECF No. 2, ¶ 22.)  Dipna, Chapman and Shah then removed the case to this Court on the basis of diversity jurisdiction and filed a motion to dismiss the Complaint for lack of personal jurisdiction or, in the alternative, to transfer the case to the United States District Court for the District of Delaware.  (ECF No. 1; Defs.' Mot., ECF No. 2.)  In the motion, Defendants allege that they lack sufficient contacts with Pennsylvania and that the exercise of personal jurisdiction over them would therefore be impermissible.  (*Id.* ¶¶ 12–13.)  They contend that they do not regularly conduct business in Pennsylvania, operate any property in Pennsylvania or have any employees in Pennsylvania.  (*Id.* ¶¶ 16–18.)  Lionti never responded to the motion.

**I.**

In reviewing a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), a court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff."  *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002).  If no evidentiary hearing is held on the motion to dismiss, the plaintiff need only make a *prima facie* showing of personal jurisdiction.  *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).  A plaintiff satisfies this *prima facie* standard by presenting facts that, if true, would permit the Court to exercise personal jurisdiction over Defendant.  *Cable/Home Commc'n Corp. v.*

*Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990); *Action Mfg. Co. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411, 418–19 (E.D. Pa. 2005).

However, when a defendant challenges a court's personal jurisdiction, the plaintiff must then establish its existence. *O'Connor*, 496 F.3d at 316. The plaintiff meets this burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Provident Nat'l Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434 (3d Cir. 1987) (citing *Gehling v. St. George's Sch. of Medicine, Ltd.*, 773 F.2d 539 (3rd Cir. 1985)). The plaintiff may not "rely on the bare pleadings alone in order to withstand a defendant's . . . motion to dismiss" for lack of personal jurisdiction; instead, the plaintiff must present "competent evidence," such as sworn affidavits, to support its jurisdictional allegations. *Action Mfg.*, 375 F. Supp. 2d at 418. The plaintiff must respond to the defendant's motion with "actual proofs"; "affidavits which parrot and do no more than restate [the] plaintiff's allegations . . . do not end the inquiry." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66, n.9 (3d Cir. 1984).

## II.

### A.

As an initial matter, the Defendants did not waive their ability to contest the Court's exercise of personal jurisdiction over them pursuant to Rule 12(b)(2) by removing the case. *See Rivera v. Bally's Park Place, Inc.*, 798 F. Supp. 2d 611, 616 (E.D. Pa. 2011). While a defendant can waive his objection to personal jurisdiction by failing to raise it in a timely manner, FED. R. CIV. P. 12(h)(1), removal to federal court does not constitute such a waiver. *See Arizona v. Manypenny*, 451 U.S. 232, 242 n.17

(1981) ("[I]f the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal."); *Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996) ("Removal does not waive any Rule 12(b) defenses."); *Harrison v. L.P. Rock Corp.*, No. 99-5886, 2000 WL 19257, at *1 n.1 (E.D. Pa. Jan. 7, 2000) ("Removal to federal court does not constitute waiver to object to this court's . . . exercise of personal jurisdiction.").

**B.**

A court's ability to exercise general personal jurisdiction over a defendant turns on whether the plaintiff can demonstrate that the defendant maintained continuous and systematic contacts with and carried on a "substantial portion" of its business within the forum state. *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 107–08 (3d Cir. 2009). These contacts must be "significantly more than mere minimum contacts"—the plaintiff must show that the defendant's contacts with the state were so "central to the conduct of its business" that jurisdiction may be fairly exercised even over claims not arising from those contacts. *Provident Nat'l Bank*, 819 F.2d at 437–38.

The Third Circuit Court of Appeals employs a three-part analysis for determining if specific personal jurisdiction exists: (1) the defendant "purposefully directed [its] activities" at Pennsylvania, (2) the litigation "arise[s] out of or relate[s] to" at least one of the defendant's activities in Pennsylvania, and (3) the exercise of jurisdiction comports with traditional notions of "fair play and substantial justice." *O'Connor*, 496 F.3d at 317 (citations omitted).

4

## C.

In their Motion, Defendants clarify that they have no relation to the recently dismissed Pennsylvania corporation, Hersha Hospitality Trust, and contend that Lionti "has incorrectly asserted that Moving Defendant conduct business within Pennsylvania." (Defs.' Mot., ¶ 23.) Defendants claim they are not Pennsylvania corporations, do not regularly or continuously conduct business in Pennsylvania, do not operate property or have employees in Pennsylvania and have not consented to the jurisdiction of Pennsylvania Courts. (*Id.* ¶¶ 16–20.) Defendants also state that Chapman "does not own or operate the premises where Plaintiff's incident allegedly took place," but "merely operates another establishment" in Delaware. (*Id.* ¶ 7.)

The general allegations contained in Lionti's Complaint are insufficient to demonstrate that the Court may exercise personal jurisdiction over the Defendants. Lionti has failed to identify any contacts between the Defendants and Pennsylvania or proffer any facts establishing that jurisdiction is proper. Moreover, Lionti failed to respond to Defendants' motion or otherwise submit "competent evidence" or "actual proofs" to sustain his conclusory allegations that Defendants regularly conduct business in Pennsylvania, which Defendants dispute. *See Rivera, Inc.*, 798 F. Supp. 2d at 615 (granting motion where plaintiff failed to present supporting evidence of the defendant's alleged contacts with the state). Lionti has therefore failed to demonstrate that the Court has personal jurisdiction over Defendants.[1]

---

[1] In their Motion, Defendants also anticipated that Lionti might attempt to establish personal jurisdiction over them by alleging that they advertise for their Delaware business in Pennsylvania. (Defs.' Mot., ¶¶ 27–29.) Lionti failed to file a response, so the Court need not address the issue.

5

# III.

"Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed." 28 U.S.C. § 1631. Though the Court lacks personal jurisdiction over Defendants, it concludes that transferring this action to the District of Delaware better serves the interests of justice than would dismissing it.

The District of Delaware has personal jurisdiction over Dipna, Chapman Hospitality and Shah. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 749 (2014) ("The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." (citation omitted)). Likewise, venue is proper in the District of Delaware. In a civil action based on diversity citizenship, venue is only proper in a judicial district where: (1) any defendant resides, if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or where a substantial part of the property that is the subject of the action is situations; or (3) where any defendant is subject to personal jurisdiction at the time the action commenced, only if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(B). Taking Lionti's allegations as true, venue is only proper in the District of Delaware, where the alleged incident occurred and the Defendants reside.

Because the District of Delaware is the proper venue and has personal jurisdiction over Defendants, the action could have been filed there at the time it was commenced and may therefore be transferred there pursuant to 28 U.S.C. § 1631 if it is

in the interest of justice. Such a transfer is in the interest of justice because it will prevent the duplication of filing costs as well as other administrative burdens that may arise from a dismissal. *See Lawman Armor Corp. v. Simon*, 319 F. Supp. 2d 499, 507 (E.D. Pa. 2004) ("Normally transfer will be in the interest of justice because dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." (quoting *In re Ski Train Fire in Kaprun, Austria on November 11, 2000*, 257 F. Supp. 2d 717, 734 (S.D. N.Y. 2003))). The Court therefore transfers the case to the District of Delaware pursuant to 28 U.S.C. § 1631.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.